

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

honorable Maco Stewart, Vice-President
State Board for Vocational Education
Capitol Basement
Austin, Texas

Dear Mr. Stewart:

Opinion No. O-6150

Re: Necessity for the State Board of Control to purchase prosthetic appliances through bids, for patients of the Vocational Rehabilitation Division.

     This will acknowledge receipt of your request for an opinion from this department upon the above subject matter. Your request is as follows:

"For a number of years the Vocational Rehabilitation Division, under the State Board for Vocational Education, has been purchasing prosthetic appliances for their clients by asking the State Board of Control to receive bids. It is the contention of Mr. J. J. Brown, Director of the Vocational Rehabilitation Division, that the purpose and tent of any State law will not be violated if bids are not asked by the State Board of Control upon a prosthetic appliance.

"As an example of Mr. Brown's reasoning concerning this matter, he states that a man may become hard of hearing for one of the following reasons:

"1. He inherits this weakness.
"2. A man becomes hard of hearing as a result of disease, such as catarrh, diptheria, mastoid trouble, measles.
"3. A man becomes hard of hearing on account of his age.
"4. A man becomes hard of hearing on account of traumatic injury.
"5. Various people become hard of hearing for no apparent reason or cause.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Laco Stewart - page 2

"According to the Director of Vocational Re-
habilitation, one man can hear better with an inner-
ear conduction, and another with bone conduction on
the outside of the ear. One man can hear better
with one hearing device than he can with another,
and only an otologist can tell the type of hearing
device best suited for a person. Therefore, it is
Mr. Brown's contention that hearing devices should
be purchased upon the recommendation of a recognized
otologist.

"In regard to the purchase of artificial limbs,
it is Mr. Brown's contention that every stump requir-
ing an artificial limb is different. One person can
best be fitted with a leather socket, another with a
plastic socket, and another with perhaps a wooden
socket that one man can wear shoulder straps and sup-
port a limb whereas another person requires a pelvic
belt attachment. Each person wearing a limb wants a
particular kind of limb and when they are forced to
accept another kind of limb it does not prove satis-
factory.

"In regard to the purchase of glasses, it is dif-
ficult to order glasses for the simple reason that
nearly every pair of glasses require some adjustment -
lenses have to be ground and fittings have to be made.

"The State Board for Vocational Education hereby
requires an opinion relative to whether or not it is
necessary for the State Board of Control to purchase
prosthetic appliances through bids for clients of the
Vocational Rehabilitation Division."

You are respectfully advised that it is the opinion
of this department the purchase of prosthetic appliances, such
as you mention, need not to be through the State Board of Con-
trol upon competitive bidding.

Your question is ruled by our Opinion No. O-2771, ad-
dressed to Director Brown on a very similar question, in which
opinion we said:

"From what you say in your letter of re-
quest, -- and your statement comports with com-
mon understanding, -- a brace for a crippled

Honorable Haco Stewart - page 3

child is not such a thing as is contemplated by
our statutes calling for competitive bids in pur-
chasing supplies for an institution. A brace is
not a commodity carried in stocks from which a
purchase may be quickly made, like a hat or a pair
of shoes, for the simple reason that a brace for a
crippled child is a specialty and must be precisely
fitted to the particular need and condition of the
injured or abnormal limb. It is of a kind with the
fitting of glasses or the setting of a broken limb
in plaster. The purchase of such brace is not in
its nature a commercial purchase from a store or
dealer; it is in the nature of a service in con-
nection with the treatment of the broken, deformed
or maladjusted limb. It is as much a service as is
the surgeon's operation; indeed, it is a species of
mechanical operation. Every such case presents an
individual situation and must be treated according-
ly; so that, in our opinion, the purchase of a brace
does not fall within the scope of the statutes re-
quiring competitive bids by the Board of Control.

"If we are mistaken in this, we are further
of the opinion that the statutes themselves, when
liberally or even reasonably construed, compel the
same conclusion.

"House Bill No. 502, passed at the Regular
Session of the 44th Legislature (General Laws, 44th
Leg., p. 328) provides:

"'At the discretion of the State Department
of Education, transportation, appliances, braces
and material necessary in the proper handling of
crippled children may be in part or entirely pro-
vided.

"'The Rehabilitation Division of the State
Department of Education is directed to provide in
Rules and Regulations, the necessary details for
the conduct of this work, in accordance with the
purposes of this Act, which shall permit as far
as possible, the free choice of patients in their
selection of physicians and hospitals, and shall
arrange with hospitals, brace departments and other

Honorable Maco Stewart - page 4

services providing for crippled children's work,
compensation for such services, provided that
such fees or charges shall not exceed the aver-
age minimum charges for the same services render-
ed to average ward patients in the hospitals ap-
proved for purpose of this Act -- such Rules and
Regulations shall be approved by the State Depart-
ment of Education.'"

What we there said applies as well to your ques-
tion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR.

